67 F.3d 317
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bennie Ruth HUBER, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7037.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1995.
 
 Before SCHALL, Circuit Judge, COWEN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Bennie Ruth Huber's appeal for lack of jurisdiction. Huber has not responded.
 
 
 2
 Huber applied for dependency and indemnity compensation following the death of her husband. The regional office denied service connection, noting that the cause of death was "a chronic condition and not an acute condition or an injury caused by his weekend drill duty." The cause of death was listed as hepatic failure. Huber appealed to the Board of Veterans Appeals. The Board denied service connection. At the Board, Huber had also argued that her husband was exposed to Agent Orange during service in Vietnam and that the exposure caused him to develop hepatitis and renal disease which caused his death. In its decision denying service connection, the Board remanded that portion of Huber's case to the regional office because the issue had not been adjudicated by the regional office. Huber appealed to the Court of Veterans Appeals.
 
 
 3
 The Court of Veterans Appeals summarily affirmed the Board's decision. The Court of Veterans Appeals held (1) that Huber's claim was not well grounded, and (2) that even assuming that her husband's condition could be linked to inactive duty training, service connection can only be granted for an injury, and not a disease, incurred or aggravated in inactive duty training. Huber appealed to this court.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 In her informal brief, Huber argues that the Court of Veterans Appeals ignored her assertion that her husband was exposed to Agent Orange and that her husband's death was incorrectly attributed to alcohol consumption. First, we note that the Board of Veterans Appeals remanded the portion of her claim concerning Agent Orange to the regional office for further adjudication and thus that portion of Huber's claim was not before the Court of Veterans Appeals. The Secretary states that that portion of Huber's claim is pending before the regional office. Second, we note that Huber's arguments concerning the cause of her husband's death are challenges to factual determinations. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.